BOYD, Chief Justice,
concurring specially-
I concur in the Court’s adoption of article XXII of the Integration Rule of The Florida Bar, establishing the “Emeritus Attorneys Pro Bono Participation Program.” Furthermore, I appreciate and commend the efforts of those members of the Bench and Bar who formulated and proposed article XXII as part of the effort to make legal representation more available to persons of low economic means. I also commend those retired attorneys who intend, and those who may later decide, to come forward to contribute their services without compensation in connection with this program. I write this separate opinion merely to state one observation about the effect of article XXII.
The program established by this new rule provides that “emeritus attorneys” who are not members of The Florida Bar, including some who have never been admitted to the practice of law in Florida, will be able to go into courtrooms in this state and provide services and perform functions which, outwardly at least, are no different from those provided and performed by fully licensed and admitted members of the Bar in good standing. Under the program, it is conceivable that an emeritus attorney may appear in court as adversary to a regularly admitted Bar member. It may be difficult for the public to understand why the emeritus attorney is limited to representing indigent clients without compensation while the other attorney is considered qualified to represent any client who may choose him and to receive compensation for his services.
If the retired attorneys who contribute their services under this rule are considered qualified and suitable to represent and advise indigent clients through the auspices of a legal aid organization, then I can see no reason why they should not be considered suitable and eligible for regular admission to membership in The Florida Bar and to the general practice of law, including the privilege of representing any clients who might retain them, and to be paid for their services.